IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN CLAWSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | |
| ) | |
| CITY OF MURPHYSBORO, JACKSON ) | Case No. 3:23-cv-2158-DWD |
| COUNTY SHERIFF'S OFFICE, OFFICER ) | |
| ERIC PINGOLT, OFFICER BRETT ) | |
| RICKENBERG, and DEPUTY SERGIO ) | |
| RAFAEL, ) | |
| ) | |
| **Defendants.** ) | |

## QUALIFIED HIPAA & MHDDCA PROTECTIVE ORDER

The Court finds good cause for the entry of a Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") and the Mental Health and Developmental Disabilities Confidentiality Act ("MHDDCA") to prevent the unauthorized disclosure of protected health information and to direct its use during the course of this litigation. Accordingly, **IT IS ORDERED**:

1. All records produced by the parties to this litigation are produced subject to this Qualified HIPAA & MHDDCA Protective Order.

2. This Qualified HIPAA & MHDDCA Protective Order applies to any records produced by a covered entity, as defined by 45 C.F.R. § 160.103 and the MHDDCA, that has received a request or subpoena for protected health information, substance abuse treatment, mental health communication, and mental health records.

3. During the course of this litigation, it may be necessary for the parties or their attorneys to disclose Plaintiff's protected health information, as that term is

defined under HIPAA and the Federal Regulations promulgated pursuant to that Act, and mental health communication and mental health records, as those terms are defined by the MHDDCA.

    (a)    All protected health information, including substance abuse treatment records, mental health communications, and mental health records disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in this case and shall not be disclosed or revealed to anyone not authorized by this Qualified HIPAA & MHDDCA Protective Order.

    (b)    Protected health information, including substance abuse treatment records, mental health communication, and mental health records pursuant to this Qualified HIPAA & MHDDCA Protective Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

    (c)    Protected health information, including substance abuse treatment records, mental health communication, and mental health records may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

        (1)    The parties themselves, parties' attorneys, experts, consultants, witnesses retained by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or providing adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third party administrators for any of the parties involved in the litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. § 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the above.

        (2)    Within forty-five days of dismissal of this action, the parties, and each entity governed by this Qualified HIPAA & MHDDCA Protective Order, shall either (a) destroy, or (b)

return to Plaintiff, all protected health information, including substance abuse treatment records, mental health communication, and mental health records including all copies made; provided, however, that said protected health information, mental health communication, and mental health records may be retained in the files of the attorneys for the parties and may be destroyed pursuant to their regular file retention policies and/or applicable Rules of Professionalism so long as the protected health information, mental health communication, and mental health records are maintained in a secure environment.

**SO ORDERED**.

Dated: January 10, 2024

*s/ David W. Dugan*

DAVID W. DUGAN
United States District Judge